IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:19-CR-451-M |
| | ) | |
| DARIUSZ NOSKIEWICZ | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By electronic order of reference dated May 6, 2020 (doc. 87), before Court is the defendant's *Motion for Pretrial Bond or in the alternative, Appeal of the Order of Detention and Motion for Detention Hearing*, filed May 6, 2020 (doc. 86). After careful consideration of the relevant filings, evidence, oral argument, and applicable law, the motion for pretrial bond is **DENIED**, and the appeal of the detention order and motion for *de novo* hearing should be **DENIED**.

**I.**

On September 11, 2019, Dariusz Noskiewicz (Defendant) was charged by indictment with conspiracy to commit interstate transportation of stolen property in violation of 18 U.S.C. § 371. (*See* doc. 1.) On March 26, 2020, he was arrested and made his initial appearance in the Northern District of Illinois. (*See* doc. 76 at 2-3.) The Government orally moved to detain him, and a brief detention hearing was conducted. (*See id.* at 2-3, 9, 11; doc. 89-1 at 8, 10-16.) The prosecutor proffered evidence that Defendant was a Polish national who had been detained as he was attempting to board a flight to Warsaw, that he had no legal status in the United States, and that he had been "highly mobile" while committing the offenses charged in the indictment in several states. (doc. 89-1 at 10.) The Court ordered Defendant detained and transferred to this district. (*See id.* at 15-16.) Defendant arrived at the contract holding facility in Bonham, Fannin

County, Texas, during the week of April 25, 2020, and subsequently tested positive for coronavirus. (*See* doc. 86 at 2.)

## II.  MOTION FOR PRETRIAL BOND

Defendant initially moves for "a hearing to consider setting a reasonable pretrial release bond with specified conditions of release." (*See* doc. 86 at 1, 13.)

The Bail Reform Act provides two avenues through which a defendant may seek reconsideration of a detention order– a motion to reopen under 18 U.S.C. § 3142(f), or a motion for revocation of a detention order under § 3145(b). *United States v. Posada Carriles*, 481 F.Supp.2d 792, 795 (W.D. Tex. 2007) (citations omitted). Section 3142(f)(2)(B) provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 Fed. App'x 507, 509-10 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). In addition,

2

conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 Fed. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Here, Defendant does not specifically state that he is seeking to reopen the matter of detention, and he does not identify any new information sufficient to satisfy the requirement in § 3142(f)(2)(B). Accordingly, to the extent that Defendant moves to reopen the detention hearing, his motion is **DENIED**.

### III. APPEAL AND MOTION FOR DETENTION HEARING

Defendant seeks in the alternative to appeal the detention order, and a new hearing.

Under the Bail Reform Act, a person charged with a federal criminal offense must be released pending trial unless "after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985).

Section 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . ., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When reviewing on a motion to revoke or amend a magistrate judge's detention order under § 3145(b), a district court "acts *de novo* and must make an independent determination of the proper pretrial detention or conditions

3

for release." *United States v. Rueben,* 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *Fortna,* 769 F.2d at 249). It is within the court's discretion to conduct its *de novo* review by examining the pleadings and evidence developed before the magistrate judge and then adopting the pretrial detention order. *United States v. Hensler,* 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994); *see also United States v. Anderson*, No. 3:14-CR-210-D(08), 2014 WL 2764747, at *1 n. 2 (N.D. Tex. June 18, 2014) ("The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with [its] obligation" to make an independent determination). It is also within the court's discretion to conduct a new evidentiary hearing. *Id.*; *see also United States v. Farguson,* 721 F. Supp. 128, 129 n. 1(N.D. Tex. 1989) ("The court need not, of course, conduct a second evidentiary hearing in the absence of newly developed evidence not presented at the prior hearing.") (citing *United States v. Baker,* 703 F. Supp. 34, 36 (N.D. Tex. 1989) ("Independent review . . . does not mean a *de novo* hearing.")).[1]

In this case, after considering the proffer and arguments of counsel as well as the factors listed in 18 U.S.C. § 3142(g), the court in the arresting district found that Defendant was a flight risk. The transcript of the hearing supports a finding that the Government has met its burden to establish that there are no condition or combination of conditions of release that could be set which would reasonably assure Defendant's appearance. *See Fortna*, 769 F.2d at 250 (holding that applicable standard for flight risk is simple preponderance). It reflects that Defendant is a foreign national with no legal status in the United States who was arrested as he was attempting

---

[1] In the context of a challenge to an order by a magistrate judge in the arresting district, the presiding district judge may refer the review to a magistrate judge in his or her district for report and recommendation. *See United States v. Cooper*, No. 3:16-cr-60-M (2), 2018 WL 1916983, at *19 (N.D. Tex. Apr. 2, 2018) (quoting *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, *2 (W.D. Mich. Apr. 6, 2007)), *rec. adopted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018).

Case 3:19-cr-00451-M   Document 97   Filed 06/01/20   Page 5 of 6   PageID 411

to board a flight back to his country of origin. The transcript also reflects that the conduct charged in the indictment alleges Defendant's movement across several states during its commission. Defendant does not explain why a *de novo* hearing is warranted. He does not allege that he wishes to present additional evidence to the court, or suggest what evidence he may seek to present. Accordingly, review of the record before the magistrate judge in the arresting district is sufficient to allow an independent determination of whether detention is warranted in this case, and based on that record, the pretrial detention order should be adopted without a new hearing.

## IV.  CONCLUSION

To the extent that Defendant moves to reopen the detention hearing, his motion is **DENIED**. Any appeal of the detention order issued in the arresting district and request for a new hearing should be **DENIED**.

Signed this 1st day of June, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE